IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 AUG -2 ^ 10: 04

| | |
|---|---|
| WILLIAM HAZEL | ) |
| Plaintiff | ) |
| V. | ) CIVIL ACTION NO. 2:06cv678-WKW |
| MERCK & CO., INC., | ) |
| Defendant | ) |

**COMPLAINT**
**JURY TRIAL REQUESTED**

Comes now, William Hazel, Plaintiff, who was prescribed and used the prescription medication, Vioxx® (Rofecoxib). This drug caused the Plaintiff to suffer personal injury and damages. This action seeks monetary damages for injuries caused by, and damages caused by, Vioxx® (Rofecoxib,)manufactured by Merck & Company, Inc., and for his claim for damages would respectfully show unto the Court as follows:

**PARTIES**

1. Plaintiff, William Hazel, is an adult resident citizen of Troy, Pike County, Alabama.

2. Defendant, Merck & Co., Inc. (sometimes hereinafter referred to as "Merck") is an American pharmaceutical company, incorporated under the laws of the Estate of New Jersey, whose principal place of business is One Merck Drive, P. O. Box 100, Whitehouse Station, New Jersey. Defendant, Merck & Company, Inc. may be served with process herein by serving its registered agent for service of process in Alabama at the following address: The Corporation Company, 2000 Interstate Park Drive, Suite 204, Montgomery, Alabama 36109.

## JURISDICTION AND VENUE

3.      This matter is subject to diversity jurisdiction under 28 U.S.C. §1332 because there is complete diversity of citizenship between the plaintiff and the defendant, Merck; and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Plaintiff is a resident of Pike County, Alabama.

## FACTUAL ALLEGATIONS

4.      William Hazel, while living in Pike County, Alabama, was prescribed the medication, Vioxx, for pain from approximately March 1, 2001 until September 3, 2004, the date of his last prescription. On or about May 28, 2003, plaintiff suffered a cerebrovascular accident, as a direct and proximate consequence of defendant, Merck's, tortious behavior as described below..

5.      On September 30, 2004, the defendant, Merck, voluntarily withdrew Vioxx from the market, citing for the first time studies which demonstrate Vioxx was related to heart attack and stroke. Defendant, Merck, cited a study that demonstrated a statistically significant causal link between use of 25 mg of Vioxx over an 18 month period and heart attack and stroke.

### Count I

### STRICT PRODUCT LIABILITY
### (ALABAMA EXTENDED MANUFACTURERS
### LIABILITY DOCTRINE)

6.      The plaintiff adopts by reference all of the general allegations contained in Paragraphs 1 through 5 above, each inclusive, as though fully set forth herein.

7.      The drug, Vioxx (rofecoxib) was defective and unreasonably dangerous when it left the possession of the defendant in that:

a) When placed in the stream of commerce, it contained unreasonably dangerous design defects, subjecting plaintiff to risks which exceeded the benefits of the drug;

b) When placed in the stream of commerce, it was defective in design and formulation, making use of the drug more dangerous than an ordinary consumer would expect and more dangerous than other risks associated with use of the drug;

c) It contained insufficient and/or ineffective warnings to alert consumers and users to the risks of heart attacks and strokes;

d) Vioxx (rofecoxib) was insufficiently tested;

e) Vioxx (rofecoxib) was insufficient in instructions on the proper use of the drug;

f) There was misleading advertising and promotion concerning the benefits of using the drug;

g) There were inadequate post-marketing warnings or instructions because after these, defendant knew or should have known of the significant risks of heart attack and stroke from the use of the drug, the defendant failed to provide adequate warnings to users or consumers and continued to promote the sale and use of the drug; and

h) The aforesaid drug had not been materially altered or modified prior to the use of said drug by plaintiff.

8. As a direct and legal result of the defective condition of the drug, Vioxx (rofecoxib), plaintiff has sustained and will continue to sustain serious and permanent injuries including, but not limited to, cerebrovascular injuries to the brain and other

physical injuries; disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life past and future, expense of hospitalization, medical and nursing care and treatment and medical monitoring, loss of earnings and loss of ability to earn money in the future.

WHEREFORE, PREMISES CONSIDERED, plaintiff demands judgment against defendant for compensatory and punitive damages, as well as all costs of this action and a trial by jury of all issues to be tried.

## COUNT II

## NEGLIGENCE

9. The plaintiff adopts by reference all of the general allegations contained in paragraphs 1 through 8 above, each inclusive, as though fully set forth herein.

10. At all times material hereto, defendant had a duty to plaintiff to exercise reasonable care in the design, manufacture, testing, processing, advertising, marketing, testing, labeling, assembling, packaging, distribution and sale of the drug Vioxx (rofecoxib).

11. Defendant was negligent in its actions, misrepresentations, and omissions toward plaintiff in the following ways:

    a) By designing, manufacturing, processing, advertising, marketing, testing, labeling, assembling, packaging, distributing and/or selling the drug which they knew, or through the exercise of reasonable diligence should have known were dangerous or unreasonably dangerous and carried with them significant side effects;

    b)    Failed to include adequate warnings with the drug that would alert consumers and physicians to the potential risks and serious side effects of the drug;

    c)    Failed to adequately and properly test the drug before placing the drug on the market;

    d)    Failed to conduct sufficient testing on the drug which, if properly performed, would have shown that the drug had serious side effects, including, but not limited to, heart attack and stroke;

    e)    Failed to warn plaintiff that use of the drug should be accompanied by a professional examination and regularly scheduled follow-up examinations so that heart attack and stroke and other serious side effects could be avoided or detected early;

    f)    Failed to warn plaintiff that use of the drug carried a risk of temporary or permanent disability due to heart attack or stroke and other serious side effects;

    g)    Failed to warn plaintiff that use of the drug carried a risk that heart attack and stroke might result in surgery to repair the damage to the heart;

    h)    Failed to provide post-marketing warnings or instructions after the defendant knew or should have known of the significant risks of heart attack or stroke.

12.    Defendant knew or should have known that the drug caused unreasonably dangerous risks and serious side effects of which the plaintiff would not be aware. Defendant nevertheless advertised, marketed, sold and distributed the drug knowing that there were safer methods and products for pain control.

13. As a direct and legal result of the negligence of defendant, plaintiff has sustained and will continue to sustain serious and permanent injuries including, but not limited to, cerebrovascular injuries to his brain and other physical injuries; disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life past and future, expense of hospitalization, medical and nursing care and treatment and medical monitoring, loss of earnings and loss of the ability to earn money in the future.

WHEREFORE, plaintiff demands judgment against defendant for compensatory and punitive damages, as well as all costs of this action and a trial by jury on all issues to be tried.

## COUNT III

## WANTONNESS

14. The plaintiff adopts by reference all of the general allegations contained in paragraphs 1 through 13 above, each inclusive, as though fully set forth herein.

15. At all times material hereto, defendant had a duty to plaintiff to exercise reasonable care in the design, manufacturing, testing, processing, advertising, marketing, testing, labeling, assembling, packaging, distribution, and sale of the drug Vioxx (rofecoxib).

16. Defendant acted willfully, wantonly and with reckless disregard in their actions, misrepresentations, and omissions toward plaintiff in the following ways:

    a) By designing, manufacturing, processing, advertising, marketing, testing, labeling, assembling, packaging, distributing and/or selling the drug which they knew, or through the exercise of reasonable diligence should have known were dangerous or

unreasonably dangerous and carried with them significant side effects;

b) Failed to include adequate warnings with the drug that would alert consumers and physicians to the potential risks and serious side effects of the drug;

c) Failed to adequately and properly test the drug before placing the drug on the market;

d) Failed to conduct sufficient testing on the drug which, if properly performed, would have shown that the drug had serious side effects, including, but not limited to, heart attack and stroke;

e) Failed to warn plaintiff that use of the drug should be accompanied by a professional examination and regularly scheduled follow-up examinations so that heart attack or stroke and other serious side effects could be avoided or detected early;

f) Failed to warn plaintiff that use of the drug carried a risk of temporary or permanent disability due to heart attack or stroke, and other serious side effects;

g) Failed to warn plaintiff that use of the drug carried a risk that heart surgery might become necessary to repair the heart damaged by the drug;

h) Failed to provide post-marketing warnings or instructions after the defendant knew or should have known of the significant risks of heart attack or stroke from the use of the drug.

17. Drug Company Defendant had a special relationship with prescribing physicians and users of their pharmaceutical products that requires disclosure of

material facts about new or newly appreciated heightened risks associated with their drug. These duties include the following:

    a.    Drug Company Defendant must monitor the scientific literature and developments touching upon their drug.

    b.    Drug Company Defendant must make timely and adequate warnings to the medical profession.

    c.    Drug Company Defendant must "describe those situations in which the drug should not be used because the risk of use clearly outweighs any possible benefit. To include:

        1.    Drug Company Defendant' drug labeling "shall describe serious adverse reactions and potential safety hazards, limitations in use imposed by them, and steps that should be taken if they occur." 21 CFR §201.57(e).

        2.    Drug Company Defendant' drug "labeling shall be revised to include a warning as soon as there is reasonable evidence of an association of a serious hazard with a drug; a causal relationship need not have been proved." 21 CFR §201.57(e).

        3.    Drug Company Defendant had an obligation to add warnings relating to a use not provided for under the "Indications and Usage" section "if the drug is commonly prescribed for a …condition, and there is a lack of substantial evidence of effectiveness for that disease or condition, and such usage is associated with serious risk or hazard." 21 CFR §201.57(e).

4.      Drug Company Defendant' drug labeling must "contain information regarding any special care to be exercised by the practitioner for safe and effective use of the drug." 21 CFR §201.57(f)(1).

5.      Drug Company Defendant "labeling shall contain information to be given to patients for safe and effective use of the drug, e.g.,....concomitant use of other substances that may have harmful additive effects...." 21 CFR §201.57(f)(2).

6.      Drug Company Defendant had an obligation to warn of drug interactions and provide "specific practical guidance for the physician" on preventing significant drug interactions. 21 CFR § 201.57(f)(4)(i).

7.      Drug Company Defendant must be sure that their labeling is not misleading by reason of failing to reveal facts that are material in light of other representations made or suggested by statements. 21 CFR § 1.21 (a)(1).

8.      Drug Company Defendant must be sure that their labeling is not misleading by reason of failing to reveal facts material with respect to consequences which may result from the use of the drug under "such conditions of use as are customary or usual." 21 CFR § 1.21(a)(2).

9.      Drug Company Defendant must warn when there is a common belief about the safety and efficacy of a particular indication but there is a lack of evidence regarding the safety of that use, because the <u>absence</u> of safety testing is a material fact,

and the failure to reveal such absence of safety testing in the drug's labeling causes the labeling to be misleading. 21 CFR § 1.21 and § 201.57(c)(3)(iv).

18. Drug Company Defendant knew these regulations were in effect and applied to them and their drug. These regulations were intended to protect consumers and prescribing physicians, including from risks newly known or appreciated by the drug companies.

19. Defendant knowingly withheld from or misrepresented to the FDA and/or prescribing physicians and/or the consuming public information known to be material and relevant to the risk of heart attack and stroke that accompanied the use of Vioxx (rofecoxib). Prescribing physicians and patients, including plaintiff, relied on the intended false impression created by the lack of accurate information about the risks of heart attack and stroke.. Plaintiff had a right to rely on Vioxx (rofecoxib) labeling as indicating a lack of material risk of heart attack and stroke.

20. Defendant nondisclosures and misrepresentations were substantial factors contributing to the damages suffered by plaintiff.

WHEREFORE, plaintiff demands judgment against defendant for punitive damages, as well as all costs of this action and a trial by jury of all issues to be tried.

## COUNT IV

## BREACH OF IMPLIED WARRANTY

21. The plaintiff adopts by reference all of the general allegations contained in paragraphs 1 through 20 above, each inclusive, as though fully set forth herein.

22. When defendant placed the drug into the stream of commerce, it knew of the use for which the drug was intended and impliedly warranted the products to be of merchantable quality and safe and fit for such use.

23.  Plaintiff reasonably relied upon the expertise, skill, judgment and knowledge of defendant and upon the implied warranty that the drug were of merchantable quality and fit for use and weight loss and weight control.

24.  The drug was not of merchantable quality and was not safe or fit for it's intended use because the product was unreasonably dangerous and unfit for the ordinary purposes for which it was used.

25.  As a direct and legal result of the breach of warranty of defendant, plaintiff has sustained serious and permanent injuries including, but not limited to, injuries to his heart, and other physical injuries; disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life past and future, expense of hospitalization, loss of earnings and loss of the ability to earn money in the future. WHEREFORE, plaintiff demands judgment against defendant for compensatory and punitive damages, as well as all costs of this action and a trial by jury of all issues to be tried.

## COUNT V

### NEGLIGENT MISREPRESENTATION

26.  Plaintiff adopts by reference all of the general allegations contained in paragraphs 1 through 25 above, each inclusive, as though fully set forth herein.

27.  Defendant represented to the plaintiff and general public that the drug Vioxx (rofecoxib) was safe and that the risks of use of the drug outweighed any alleged negligible risk of the drug.

28.  Defendant either knew or should have known that the representations were false.

29.  Defendant intended by the misrepresentation to induce plaintiff and the general public to purchase the drug.

30.   Plaintiff justifiably relied on the misrepresentations of defendant to his detriment.

WHEREFORE, plaintiff seeks judgment in its favor against Merck & Co., Inc. for compensatory and punitive damages, as well as all costs of this action and a trial by jury of all issues to be tried.

RESPECTFULLY SUBMITTED, this the 31st day of July, 2006.

WILLIAM HAZEL, Plaintiff

BY: DAVIS & FEDER, P. A.

BY: _____
RON M. FEDER
ALABAMA BAR NO. ASB-7605-D47R
USDC NDA ID: FED001